UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DRUMWRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. C. HUCKLEBERRY, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00939-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>THIRTY (30) DAY DEADLINE |

    Marquise Drumwright ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the complaint commencing this action on July 7, 2020. (ECF No. 1). On September 10, 2020, the Court screened the complaint, and found that Plaintiff's Eighth Amendment failure to protect claim against defendant Gomez should proceed past screening. (ECF No. 9). The Court also found that all of the other asserted claims in Plaintiff's complaint failed to state a claim upon which relief may be granted under the applicable legal standards and gave leave to amend the complaint. (Id.).

    On October 5, 2020, Plaintiff filed a First Amended Complaint. (ECF No. 10). On October 21, 2020, the Court screened Plaintiff's First Amended Complaint. (ECF No. 11). In the First Amended Complaint, while Plaintiff alleges that he and an inmate told something to defendant Gomez, Plaintiff did not include allegations regarding what defendant Gomez was told, and the Court found that the First Amended Complaint failed to state any cognizable claims. (Id.).

    Because the Court was concerned that Plaintiff has not included sufficient allegations

1

related to the failure to protect claim against defendant Gomez, the Court gave Plaintiff thirty days to state whether he wishes to proceed on the original or amended complaint.  (Id. at 14).

On December 9, 2020, Plaintiff filed a "Denial and Exception to the Return of the Screening Order to Show Cause for Relief in Support Thereof."  (ECF No. 12).  It is not clear what Plaintiff is seeking.  Plaintiff did not notify the Court that he wanted to stand on his First Amended Complaint or notify the Court that he wants to withdraw his First Amended Complaint and proceed on his original complaint.

However, Plaintiff did include additional relevant factual allegations that were not included in either complaint.  Plaintiff alleges, for example, that when defendant Gomez was escorting him, defendant Gomez slammed him into the pavement.  For the first time, Plaintiff also alleges that he was "given no warning or reason to follow a direct order" before he was slammed into the pavement. (ECF No. 12, p. 8).  Additionally, on several occasions in the filing, Plaintiff mentions an opportunity to amend.

Given this, the Court will grant Plaintiff one final opportunity to amend his complaint.  If he chooses to amend his complaint, he should include all allegations and claims he wishes to assert.  If Plaintiff does not file a Second Amended Complaint, the Court will issue Findings and Recommendations regarding Plaintiff's First Amended Complaint.

Accordingly, IT IS ORDERED that Plaintiff has thirty days from the date of service of this order to file a Second Amended Complaint if he so chooses.  If Plaintiff does not file a Second Amended Complaint, the Court will issue Findings and Recommendations to the District Judge regarding Plaintiff's First Amended Complaint, as described in the Court's prior screening order.

IT IS SO ORDERED.

Dated:  **December 11, 2020**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE