UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DRUMWRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>G. GOMEZ,<br><br>    Defendant(s). | Case No. 1:20-cv-00939-AWI-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

Marquise Drumwright ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 22, 2021, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 28). The parties have now filed their statements. (ECF Nos. 32 & 33).

The Court has reviewed this case and the parties' statements.[1] In an effort to secure the

---

[1] In Defendant's statement, Defendant "requests that the Court initially open discovery solely on the exhaustion issue, and that the Court not permit full substantive discovery until such time as the Court rules on defendant's exhaustion motion for summary judgment." (ECF No. 32, p. 4) Defendant has not yet filed any motion on the issue of exhaustion and does not explain the factual basis of the exhaustion motion. Thus, the Court is unable to determine that Defendant is likely to succeed on the merits of the motion. Defendant's request for a stay pending the resolution of the issue of exhaustion is DENIED without prejudice. When Defendant files his motion for summary judgment on exhaustion he may renew his request for a stay.

As to Plaintiff's statement, the Court notes that Plaintiff appears to believe that this case is proceeding on state law claims and on a First Amendment retaliation claim. However, this case is only proceeding "on Plaintiff's Eighth Amendment claims against defendant Gomez for failure to protect and excessive force." (ECF No. 19, p. 2). All other claims and defendants were dismissed. (*Id.*).

just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

   a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office.

   b. All documents regarding the Rules Violation Report(s) associated with the incident(s) alleged in the complaint, including disciplinary charges and findings.

   c. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[5]

   d. All of Plaintiff's medical records related to the incident(s) and/or condition at issue in the case, including the CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, dated July 9, 2018, related to

---

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

        medical examination of Plaintiff.

    e. The CDCR Form 837-Cs, Crime/Incident Reports, related to Incident Log Number KVSP-FDY-18-07-0619A1.

    f. The video recorded interview of Plaintiff related to the incident(s) alleged in the complaint.[6]

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response.

\\\
\\\
\\\
\\\
\\\

---

[6] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated:   **August 12, 2021**                               /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE