UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DRUMWRIGHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. GOMEZ,<br><br>　　　　Defendant. | Case No. 1:20-cv-00939-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 40)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND TO MODIFY THE SCHEDULING ORDER AND DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE MOTION TO COMPEL DEADLINE<br><br>(ECF Nos. 41 & 49) |

### I.　　INTRODUCTION

Marquise Drumwright ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's Eighth Amendment claims against defendant Gomez for failure to protect and excessive force, based on Plaintiff's allegations that defendant Gomez failed to protect Plaintiff from an attack by inmates and later slammed Plaintiff on his face without justification.  (ECF Nos. 14, 16, & 19).

On November 3, 2021, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies as to both claims.

(ECF No. 40). On that same day Defendant filed a motion to stay discovery and to modify the scheduling order. (ECF No. 41). On December 9, 2021, Defendant filed a declaration. (ECF No. 42). Attached to the declaration is what the Court construes as Plaintiff's opposition to both motions. (Id. at 5-11).[1] On December 22, 2021, Plaintiff filed a response to Defendant's declaration. (ECF No. 44).[2] On January 7, 2022, Defendant filed a reply to Plaintiff's opposition. (ECF No. 48).[3]

The Court finds that it is undisputed that Plaintiff did not receive a third level response to any grievance[4] he filed regarding the claims proceeding in this case, and Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact as to whether the generally available administrative remedies were unavailable to him. Accordingly, the Court recommends that Defendant's motion for summary judgment be granted.

As the Court is recommending that the motion for summary judgment be granted, the Court will also grant Defendant's motion to stay discovery and modify the scheduling order and deny Plaintiff's motion for an extension of the motion to compel deadline.

## II.    SUMMARY OF CLAIMS

This case proceeds on Plaintiff's Eighth Amendment claims against defendant Gomez for failure to protect and excessive force. (ECF No. 19).

Plaintiff's failure to protect claim is proceeding based on allegations that "on July 8, 2018, Plaintiff stated to defendant Gomez that he felt unsafe on Facility D-Yard. While

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] In his declaration, defense counsel asks the Court not to consider Plaintiff's opposition because "this pleading has not been filed with the Court. This pleading is difficult to comprehend, and it appears to primarily address Defendant's motion to stay discovery and to modify the discovery and scheduling order (ECF No. 41). The pleading mentions Defendant's motion for summary judgment, but does not appear to dispute any of Defendant's material facts filed in support of Defendant's motion for summary judgment." (ECF No. 42, p. 2). This request is DENIED. While the Court did not receive a copy of the opposition from Plaintiff, defense counsel filed a copy of the opposition. And, while defense counsel is correct that Plaintiff's opposition is difficult to comprehend and does not dispute the relevant material facts, defense counsel has not cited to any case law suggesting that the appropriate remedy in such a situation is to disregard the opposition. Instead, as Defendant requests in his reply (ECF No. 48, p. 3), the Court will consider Defendant's properly supported facts as undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2).
[3] Contrary to the assertion in Defendant's declaration (ECF No. 42, p. 1), Plaintiff had thirty days from the date the motion was filed to file his opposition (see ECF No. 34, pgs. 5-6). And, contrary to Plaintiff's assertion in his response to Defendant's declaration (ECF No. 44, p. 3), weekends and holidays are counted when calculating the deadline (Fed. R. Civ. P. 6(a)(1)(B)).
[4] A grievance is also referred to as an appeal or a 602.

Plaintiff spoke to defendant Gomez about this information, he was approached by an inmate who intervened in speaking to defendant Gomez. This inmate affirmed the factual claims, saying to defendant Gomez 'what will happen to Plaintiff if Plaintiff stayed on the yard any longer due to problems that could result to violent behavior against Plaintiff.' Defendant Gomez did not act to protect Plaintiff, and the next day Plaintiff was attacked by the inmate who approached him, as well as two others." (ECF No. 16, p. 7; ECF No. 19, p. 2).

Plaintiff's excessive force claim is proceeding based on allegations that, "when defendant Gomez was escorting him, defendant Gomez slammed him on his face, causing the left side of his face to begin to bleed. Plaintiff was handcuffed when this occurred. Plaintiff never posed a threat, and there was no justification for this action. Plaintiff was left on the ground 'beyond any standard of decency….'" (ECF No. 16, p. 9; ECF No. 19, p. 2) (alteration in original).

All other claims and defendants were dismissed. (ECF No. 19, p. 2).

### III.  SUMMARY JUDGMENT

   a. Defendant's Motion (ECF No. 40)

Defendant filed a motion for summary judgment on November 3, 2021. (ECF No. 40).

Defendant argues that the Court should dismiss this action because Plaintiff "failed to exhaust his available administrative remedies prior to filing this lawsuit." (ECF No. 40-2, p. 1).

"Plaintiff did not file an administrative grievance related to his allegations in this action until on or about March 14, 2019." (Id. at 2). "In his grievance, Plaintiff alleged, *inter alia*, that Defendant failed to protect him on July 8 and 9, 2018, and used excessive force against him on July 9, 2018." (Id. at 2-3).

Kern Valley State Prison ("KVSP") "staff performed a first level review of the grievance and cancelled it due to its untimeliness. The grievance was also referred to KVSP's hiring authority for an investigation into Drumwright's allegations of staff misconduct. The hiring authority review is separate and apart from Drumwright's inmate grievance process, and is required by regulation regardless of the untimeliness of the claims for purposes of the inmate grievance process. Meanwhile, despite the first level cancellation, on March 15, 2019 KVSP

staff erroneously accepted Grievance Log Number KVSP-O-19-00955 for second level review. The second level review of Grievance Log Number KVSP-O-19-00955 included, *inter alia*, a phone interview of Plaintiff conducted by KVSP Lieutenant J. Fitzpatrick on March 25, 2019. During the phone interview, Plaintiff was told that while his staff misconduct allegation would be investigated outside of the scope of the grievance system, his inmate grievance would be canceled due to its untimeliness." (Id. at 3) (citations omitted).

"Grievance Log Number KVSP-O-19-00955 was cancelled at the second level on April 8, 2019. That decision was sent by KVSP to CCI on April 15, 2019, and forwarded to Plaintiff on April 19, 2019. The decision notified Plaintiff that 'if you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, PO Box 942883, Sacramento, CA 94283-0001.' Plaintiff did not seek third level review of the second level decision in Grievance Log Number KVSP-O-19-00955. Nor did he separately appeal its cancellation, let alone pursue third level review of any such appeal." (Id.) (citations omitted).

"On or about April 29, 2019, Plaintiff filed a CDCR Form 22 Inmate/Parole Request for Interview, Item or Service, which was logged as CCI-0-19-01506. Request CCI-0-19-01506 is addressed to 'Mr. Fitzpatrick,' and appears to reference the investigation of Plaintiff's allegations against Defendant and others at KVSP. Request CCI-0-19-01506 was forwarded to KVSP, and KVSP staff responded that 'Appeal Log #19-00955 was completed and returned to you on 4/15/19.' CCI received this response from KVSP on or about May 13, 2019, and forwarded it to Plaintiff on May 14, 2019. Plaintiff never filed a grievance or appeal related to this response, or any additional requests related to it. Other than appeal number KVSP-0-19-00955, Plaintiff did not file any other appeal that concerned the allegations in his Complaint." (Id. at 3-4) (citations omitted).

Defendant argues that an administrative remedy was available to Plaintiff. (Id. at 7). "All inmates in institutions managed by the CDCR have access to an administrative grievance process for raising issues that endangered their safety or welfare. Before June 1, 2020, a

4

1  CDCR prisoner was required to follow the procedures set forth in California Code of
2  Regulations, Title 15, sections 3084-3085.  Cal. Code Regs. tit. 15, §§ 3084-3085 (repealed eff.
3  June 1, 2020).  Those regulations required prisoners to submit a grievance within thirty
4  calendar days of the event or decision being grieved, use the required form, and proceed
5  through three levels of review: (1) first-level review; (2) second-level review by the hiring
6  authority; and (3) third-level review by the Office of Appeals in Sacramento.  Cal. Code Regs.
7  tit. 15, §§ 3084.2(a), 3084.7, 3084.8(b) (2017)."  (ECF No. 40-2, p. 7).

"The administrative remedy described above was available to Plaintiff at the time of the alleged incident.  Plaintiff cannot dispute this, as Plaintiff filed Grievance KVSP-O-18-01997 at KVSP on June 26, 2018, less than two weeks before the incidents at issue in this case.  Grievance KVSP-O-18-01997 demonstrates that administrative remedies were available to Plaintiff and that Plaintiff knew how to invoke them.  Defendant has met his burden to demonstrate the availability of an administrative remedy at KVSP at the time of the alleged incident."  (Id.) (citations omitted).

Defendant further argues that "[t]hree independently dispositive grounds mandate [dismissal].  First, while Plaintiff alleges that Defendant G. Gomez failed to protect him and used excessive force against him on July 8 and 9, 2018, it is undisputed that Plaintiff did not file an inmate grievance regarding these allegations until March 2019.  This is seven months late, and the Court need go no further.  Nevertheless, second, it is undisputed that, after plaintiff's inmate grievance was cancelled, plaintiff never appealed the cancellation.  Third, it is undisputed that plaintiff never sought third and final level review of his grievance.  Because there is no dispute of fact as to any of these three issues, the Court should grant Defendant's motion for summary judgment and dismiss this action."  (Id. at 1-2).

In support of their motion, Defendant submits among other things: the declaration of Howard E. Moseley, the Associate Director of the Office of the Appeals; the declaration of A Leyva, the Grievance Coordinator at KVSP; the declaration of J. Mendez, the Grievance Coordinator at California State Prison, Corcoran; the declaration of J. Stone, a Correctional Counselor II (Supervisor)/Grievance Coordinator of the Office of Grievances at California

5

Correctional Institution – Tehachapi (CCI); logs of grievances filed by Plaintiff; grievances filed by Plaintiff; responses to grievances filed by Plaintiff; and a Form 22 submitted by Plaintiff.

### b. Plaintiff's Opposition (ECF No. 42)

Plaintiff's opposition is difficult to understand. Plaintiff alleges, in a conclusory fashion, that there is a genuine issue of material fact. (ECF No. 42, p. 6). Plaintiff also alleges, in a conclusory fashion, that Defendant provided misinformation. (Id. 7). Plaintiff also alleges, in a conclusory fashion, that "exhaustion was explicitly recognized…." (Id. at 9).

Plaintiff also alleges that he filed a grievance, which Defendant admits led to an investigation. (Id. at 8 & 9). This led to the creation of an administrative record, and corrective action was taken. (Id. at 9 & 10). Plaintiff also attempted to contact the personnel who handled his appeal. (Id. at 10). Plaintiff appears to argue that this is sufficient to exhaust available administrative remedies. (Id. at 9).

Finally, Plaintiff appears to argue that administrative remedies were unavailable to him because he could not have resubmitted his cancelled appeal. (Id. at 10).

Plaintiff's opposition is signed under penalty of perjury, but he did not submit any other evidence in support of his opposition.

### c. Discussion

#### i. *Legal Standards for Summary Judgment*

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

1 admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

2      A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

     In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255.

     In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains

with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

ii. *Legal Standards for Exhaustion of Administrative Remedies*

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see also Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819….
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use…. And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation…. As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859-60.

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

      iii.  *Undisputed Facts*

The relevant facts in this case are undisputed:[5]

- The incidents occurred on July 8, 2018, and July 9, 2018. (ECF No. 14, pgs. 5-6).
- Plaintiff submitted the relevant appeal (appeal number CCI-0- 19-001243) on or about March 14, 2019,[6] while Plaintiff was housed at California Correctional Institution – Tehachapi. Defendant's Separate Statement of Undisputed Material Facts ("SSUMF") 12.
- Because it alleged events that occurred at KVSP, appeal number CCI-0-19-001243 was forwarded to KVSP for handling where it was assigned appeal number KVSP-0-19-00955. SSUMF 13.
- Because it alleged misconduct by KVSP staff, appeal number KVSP-0-19-

---

[5] Plaintiff failed to respond to Defendant's Separate Statement of Undisputed Material Facts. Moreover, Plaintiff's opposition does not dispute these facts.

[6] The Court notes that Plaintiff's grievance is dated March 10, 2019. (ECF No. 40-5, p. 26). However, given that Plaintiff filed his grievance approximately seven months late, it is not relevant whether Plaintiff filed his grievance on March 10 or March 14.

9

00955 was also referred to KVSP's hiring authority. The hiring authority review is separate and apart from Plaintiff's inmate grievance process, and is required by regulation regardless of the untimeliness of the claims for purposes of the inmate grievance process. SSUMF 14.

- On March 14, 2019, KVSP cancelled appeal number KVSP-0-19-00955 at the first level of review because it was untimely. KVSP notified Plaintiff that "due to the nature of the appeal issue it has been referred to the hiring authority into [sic] staff misconduct." SSUMF 15.
- On March 15, 2019, then-KVSP appeal coordinator Lieutenant J. Fitzpatrick erroneously accepted appeal number KVSP-0-19-00955 for second level review. SSUMF 16.
- Lieutenant Fitzpatrick interviewed Plaintiff by phone on March 25, 2019. SSUMF 17.
- During the March 25, 2019 phone interview, Lieutenant Fitzpatrick told Plaintiff that appeal number KVSP-0-19- 00955 would be cancelled because it was untimely, and that Plaintiff's allegation of staff misconduct would be further investigated outside of the scope of the inmate grievance process. SSUMF 18.
- Appeal number KVSP-0-19-00955 was cancelled on April 8, 2019. SSUMF 19.
- On or about April 15, 2019, KVSP staff sent Plaintiff written notice of the second level cancellation of appeal number KVSP-0-19-00955, which Plaintiff received shortly thereafter. SSUMF 20.
- Plaintiff never appealed the cancellation of appeal number KVSP-0-19-00955. SSUMF 21.
- Plaintiff never sought third-level review of appeal number KVSP-0-19-00955. SSUMF 22.
- On or about April 29, 2019, Plaintiff filed with California Correctional Institution – Tehachapi a CDCR Form 22 Inmate/Parole Request for Interview, Item or Service, which was logged as Request CCI-0-19-01506. This request

appears to be an inquiry related to appeal log KVSP-19-00955.  SSUMF 23.

- Request CCI-0-19-01506 was forwarded to KVSP, and KVSP staff responded that "Appeal Log #19-00955 was completed and returned to you on 4/15/19." California Correctional Institution – Tehachapi staff received this response from KVSP on or about May 13, 2019, and forwarded it to Plaintiff on May 14, 2019.  SSUMF 24.

- Plaintiff never filed a grievance or appeal related to the response to Request CCI-0-19-01506, or filed any additional requests related to it.  SSUMF 25.

As Plaintiff submitted no evidence that contradicts Defendant's evidence that the grievance process was generally available, the Court also finds that it is undisputed that there was a generally available grievance process.  As discussed above, at the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level."  Reyes, 810 F.3d at 657 (citing Cal. Code Regs. tit. 15, § 3084.1(b) & Harvey, 605 F.3d at 683).  See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent.  The third level of review exhausts administrative remedies….").

      iv.  *Analysis*

It is undisputed that there was a generally available administrative remedy and that Plaintiff did not receive a response at the third and final level to any grievance he filed regarding his claims.

As it is undisputed "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino II, 747 F.3d at 1172.  However, Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact as to whether the generally available administrative remedies

were unavailable to him.

Plaintiff does make several arguments as to why Defendant's motion should be denied, but they are unpersuasive. Most of Plaintiff's arguments are conclusory. Plaintiff alleges there is a dispute of fact and that Defendant provided misinformation, but he did not submit any evidence to support these assertions or cite to any evidence in the record.

As to his conclusory assertion that "exhaustion was explicitly recognized,"(ECF No. 42, p. 9), Plaintiff did not submit any evidence to support it. He also did not include any other facts in his opposition, such as how exhaustion was recognized, who recognized it, or when it was recognized. Accordingly, Plaintiff's conclusory assertion that exhaustion was recognized is insufficient to create a genuine dispute of material fact. F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

The Court next turns to Plaintiff's argument that he exhausted his available administrative remedies because the grievance he filed led to investigative action, an administrative record being developed, and corrective action being taken. Plaintiff also alleges that he attempted to contact the personnel who handled his appeal. At least some of these factual allegations appear to be undisputed.[7] However, Plaintiff is incorrect as a matter of law. Even if an administrative record was created and some corrective action was taken, this does not exhaust available administrative remedies or excuse compliance with an available administrative preprocess. Instead, "proper exhaustion of administrative remedies … means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006) (citation and internal quotation marks omitted). Here, it is undisputed that Plaintiff did not properly use the steps held out by the administrative process. He filed his grievance approximately seven months late, he never filed an appeal to the third level, and he did not file an appeal regarding the

---

[7] Plaintiff does not provide any evidence regarding the alleged corrective action.

cancellation of his grievance.[8]

Plaintiff's argument that administrative remedies were unavailable to him because he could not have resubmitted his cancelled appeal is unpersuasive for the same reason. That is, Plaintiff was required to properly use the steps held out by the administrative process, he did not do so (he filed his grievance approximately seven months late), and his appeal was properly cancelled. The fact that Plaintiff's appeal was properly cancelled does not mean that Plaintiff exhausted available administrative remedies or that administrative remedies were unavailable to him. See, e.g., Vaughn v. Hood, 2015 WL 5020691, at *10 (E.D. Cal. Aug. 21, 2015) ("Because plaintiff is required to receive a third level decision, not a cancellation, the cancellation of plaintiff's third level appeal cannot serve to exhaust plaintiff's claims."), subsequently aff'd, 670 F. App'x 962 (9th Cir. 2016); McCowan v. Hedricks, 2016 WL 3345287, at *2 (N.D. Cal. June 16, 2016) ("Although a cancelled appeal may not be submitted for further review, the inmate may separately appeal the cancellation. A cancelled appeal does not exhaust administrative remedies.") (citations omitted).

Based on the foregoing, it is undisputed that Plaintiff did not receive a third level response to any grievance he filed regarding the claims proceeding in this case, and Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact as to whether the generally available administrative remedies were unavailable to him. Accordingly, the Court recommends that Defendant's motion for summary judgment be granted.

## IV.  MOTION TO STAY

As the Court is recommending that Defendant's motion for summary judgment be granted, the Court will also grant Defendant's motion to stay discovery and to modify the scheduling order. Discovery will be stayed and all pending deadlines will be vacated, except for the deadlines related to the findings and recommendations on Defendant's motion for

---

[8] The Court notes that it appears errors were made by those in charge of the process as well, such as initially accepting Plaintiff's untimely grievance, telling Plaintiff to appeal the cancellation to the third level instead of filing a separate greivance, and logging Plaintiff's Form 22 as a grievance. However, Plaintiff does not argue that, or submit evidence that, these failures made administrative remedies unavailable to him. Moreover, none of these errors excuse the fact that Plaintiff filed his appeal approximately seven months after the deadline.

1 summary judgment. As the Court is staying discovery, the Court will also deny Plaintiff's
2 motion for an extension of the motion to compel deadline (ECF No. 49) as moot. If the
3 findings and recommendations are not adopted, the Court will reopen discovery and reset the
4 relevant deadlines.[9]

## V.   CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that it is undisputed that Plaintiff did not receive a third level response to any grievance he filed regarding the claims proceeding in this case, and Plaintiff has not submitted sufficient evidence to create a genuine dispute of material fact as to whether the generally available administrative remedies were unavailable to him. Thus, Defendant is entitled to summary judgment on his exhaustion defense.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be granted; and
2. This action be dismissed without prejudice because Plaintiff failed to exhaust his available administrative remedies before filing this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that:

1. Defendant's motion to stay discovery and to modify the scheduling order is

---

[9] In opposing Defendant's motion to stay, Plaintiff argues that discovery should not be stayed. While Plaintiff wants discovery to continue, the Court notes that Plaintiff does not allege that he needs to take discovery in order to properly oppose the pending motion for summary judgment.

14

  granted;

2. Discovery is stayed and all pending deadlines are vacated, except for the deadlines related to the findings and recommendations on Defendant's motion for summary judgment; and

3. Plaintiff's motion for an extension of the motion to compel deadline is denied as moot.

IT IS SO ORDERED.

Dated: **January 21, 2022**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE